> Under a will, which by one paragraph gave to her nephew F. $1,000, payable $500 five years after testatrix's death and $500 ten years thereafter, and which by another paragraph gave $1,000 in trust to pay the income, not exceeding $100 in any one year, to W. for life, no part thereof subject to liability for his debts, and directed the trustee to retain $200 of the principal for the burial expenses of the beneficiary, W. was to receive but $1,000; the later paragraph being a direction as to the manner in which that amount should be expended.

> [Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 1129–1139; Dec. Dig. ☞525.]

Appeal from Surrogate's Court, Chenango County.

Proceeding on the final accounting of Elizabeth K. Baker, executrix of the estate of Fannie M. Eldredge, deceased. From a part of the decree of the Surrogate's Court (88 Misc. Rep. 341, 151 N. Y. Supp.

954), Elizabeth K. Baker, individually and as executrix, appeals. Reversed in part, and in part modified and affirmed.

Argued before SMITH, P. J., and KELLOGG, LYON, HOWARD, and WOODWARD, JJ.

Eugene Clinton, of Norwich, for appellant.

David F. Lee, of Norwich, for respondent.

JOHN M. KELLOGG, J.    The decree establishes that under the will of Fanny M. Eldredge, her nephew William Cole is entitled to a legacy of $1,000 absolutely under the ninth paragraph, payable to him September 10, 1914, and $1,000 which is to be held in trust under the tenth paragraph with the appellant Elizabeth King Baker for his benefit.    The proper construction of the will in that respect is the only question for consideration.    We quote the ninth and tenth paragraphs:

"Ninth. To each of the surviving sons of my brother Richard and his wife Mary Cunningham, that is Frank Cole and William Cole, of Norwich, N. Y., if each of them survive me, I give and bequeath the sum of one thousand dollars, to be paid out by my personal estate, and if there be no personal estate sufficient for the payment thereof then I charge such sum as may be sufficient upon the rentals of my store properties hereinafter devised. I direct such sums to be paid as follows:   To Frank Cole one-half or five hundred dollars to be paid without interest five years from the date of my death, and the remaining one-half ($500) to be paid ten years from the date of my death without interest.   In case, at the time of my death, the said Frank Cole shall have died leaving his daughter Mary Cole Curnalia surviving, then I will the said daughter to have her father's share under the same conditions, and if neither be living, then such gift is to lapse and become a part of my residuary estate.

"Tenth. I give and bequeath unto Elizabeth King Baker the sum of one thousand dollars, in trust, for the purposes hereinafter stated, viz.:   To invest and reinvest and keep the same invested as she may deem best, and to pay and use such part and parts of the said net income, and such part and parts of the principal, except as hereinafter stated, as she may deem best, not exceeding one hundred dollars in any one year, for the support and maintenance of William R. Cole of Norwich, N. Y., during his natural life.   Providing, however, that no part of the income or principal shall be used for the payment of any debt or liability of the said William R. Cole.   And no part of the said income or principal shall be subject to any legal process for the collection of any debt or liability of the said William R. Cole.   The said trustee may furnish and provide for the support, care and maintenance of the said William R. Cole in such manner and form as she may deem best, subject to the limitation hereinbefore mentioned.   I hereby will and direct that said trustee retain two hundred dollars of the principal of said trust fund, the same, or so much thereof as may be necessary, to be used by said trustee for the burial expense of the said William R. Cole.

"I further will and direct that whatever remains of the said one thousand dollars, if any, at the termination of the said trust, be paid by said trustee to said Mary Cole Curnalia under the same conditions as that which is bequeathed to her father."

No reason is suggested why the testatrix should give to William $2,000 and to his brother Frank but $1,000.    William was an intemperate man, and apparently it was not safe to permit him to have the expenditure of any considerable sum of money.    The testatrix evidently felt that a direct legacy to Frank would be properly used by him.    The ninth paragraph, after giving to each of her nephews $1,000, directs such sums to be paid as follows:   Frank is to receive $500, without interest, five years from her death, and the remaining half in ten years.

While the ninth paragraph purports to direct how both the legacies are to be paid, it directs only as to the payments to Frank, and we naturally look to the remainder of the will to find a direction as to when and how the legacy to William is to be paid. If the matter contained in the tenth paragraph had been inserted in the ninth, without being made a separate paragraph, it would seem clear that the money to be paid to Elizabeth King Baker in trust for William was a direction of the manner in which the $1,000 was to be paid to him. But it is easy to disregard the division of the will into paragraphs, and to ascertain from the language used and the situation of the parties the testatrix's intent.

By the tenth paragraph $1,000 is given to Elizabeth King Baker in trust for William, and she may spend not to exceed $100 a year from the principal and interest for his maintenance, or may give it to him for that purpose during his lifetime. The testatrix was solicitous that no part of it should go to pay his debts, and the trustee is given the power to disburse the moneys herself for his support, and is to retain $200 of the principal for his burial. Upon William's death the balance of the fund not used is intended for the daughter of Frank.

The will discloses that testatrix felt it would not benefit William to give him money outright; that it would either go to his creditors or would be wasted by him. It is therefore improbable that she would give $1,000 outright and also the benefits of the trust fund, giving to him twice the amount given to his more worthy brother. The ninth paragraph shows that she intended to make specific provisions as to how the legacy to William should be paid, and the tenth paragraph contains the only direction in the will as to such payments. We conclude, therefore, that the tenth paragraph of the will is a direction as to the manner in which the $1,000 intended for the benefit of William in the ninth paragraph shall be paid, and that the will provides but $1,000 for his benefit.

The part of the decree, therefore, which adjudges that the $1,000 given to William by the ninth paragraph of the will was due and payable within one year from the date of the probate of the will is reversed, and the decree is modified, so as to provide that the $1,000 given to William Cole in the ninth paragraph of the will is payable to Elizabeth King Baker, in trust, under the tenth paragraph of the will, and that but $1,000 is given for the benefit of William Cole, and, as so modified, said decree is affirmed, with costs to the appellant to be paid from the estate.

Decree reversed in part, and modified in part, as per opinion. All concur.